UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**FILED**
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 8 2018

JAMES W. McCORMACK, CLERK
By: _____ xBw
　　　　　　　　　　　DEP CLERK

| | |
|---|---|
| **RONALD TUCKER,** *Plaintiff* | )<br>)<br>) |
| VS. | ) Case No. 1:18-CV-35-JM-JTR<br>) |
| **BILLY COWELL, Medical Administrator,**<br>**BRENDA BRIDGEMAN, Director of Nursing,**<br>**SHELIA ARMSTRONG, Medical Grievance Officer,**<br>**LENA RAMSEY, Movement / Control Officer,**<br>**Employees of Correct Care Solutions ("CCS") at Grimes Unit, Department of Correction,**<br>**DR. LELAND FELIX, Arkansas Orthotics and Prosthetics, Contracted Physician of CCS,**<br>**CORRECT CARE SOLUTIONS, LLC a Tennessee Corporation, ("CCS"),**<br>*Defendants* | ) **COMPLAINT**<br>)<br>) **PRELIMINARY INJUNCTIVE RELIEF**<br>)<br>) **42 U.S.C. §1983**<br>)<br>) **Fourth, Eighth, And Fourteenth**<br>) **Amendments**<br>)<br>) **Jury Trial Demanded on Damages**<br>) This case assigned to District Judge __Moody__<br>) and to Magistrate Judge __Ray__<br>) |

## COMPLAINT

PLAINTIFF, Ronald Tucker ("Plaintiff"), a pro se inmate, hereby alleges upon information and belief:

### I. Introduction to the Case and Facts

Plaintiff, a below the knee amputee, is a 61 year old prison inmate in the Grimes Unit of the Arkansas Department of Correction. Plaintiff was in need of getting his prosthetic leg fixed and sent it to the infirmary for repairs. Plaintiff was issued a wheelchair until repairs could be made to his leg. Plaintiff traveled to Hot Springs, Arkansas to see Dr. Leland Felix concerning his prosthesis and on his return to the unit, the infirmary called Plaintiff to medical to pick up his leg. Once Plaintiff picked up his leg, he noticed that there was a piece missing and that more

work needed to be done in order to walk on it properly. Plaintiff has been trying to get his prosthetic leg fixed and fitted so that he can get rid of his wheelchair and walk. The Defendants have not been helpful in getting Plaintiff's leg fixed or replaced properly and have been denying him the needed therapy for his other leg and muscles. Defendants have deliberately disregarded known harm or serious risks of harm and their actions and failures to act cause harm to his therapy, including unnecessary physical, medical, and psychological harm. It is necessary to ensure that the unconstitutional and unlawful acts and indifference to Plaintiffs' medical needs are remedied.

## II. Jurisdiction and Venue

1. This Court has jurisdiction over this action under 28 U.S.C. §§1331 & 1345 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12132 & 12133, Section 504 of the Rehabilitation Act ("Rehabilitation Act"), and 42 U.S.C. §1983

2. All acts complained of for injunctive relief happened in the Eastern District of Arkansas.

3. This Court has supplemental jurisdiction under 28 U.S.C. §1367 for Plaintiff's State tort claims.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), because it is where the events giving rise to this claim occurred.

## III. Prison Litigation Reform Act

### A. PLRA Exhaustion

5. Plaintiff has grieved this issue and has exhausted without adequate relief even after omissions by the chief Deputy Director's findings of merit in Plaintiff's grievance.

**B.     Preliminary Injunction**

6.     Because of the nature of this case, and the difficulty of proving the totality of foreseeable damages without discovery and more medical inquiry into Plaintiff's medical situation, Plaintiff is seeking injunctive relief now.

## IV.  Immunity

7.     "Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance for damages for acts or omissions, occurring within the course and scope of their employment." A.C.A. §19-10-305(a).

## V.  Parties

**A.     Plaintiff**

8.     Plaintiff, Ronald Tucker is a pro se inmate in the Grimes Unit of the Arkansas Department of Correction, 300 Corrections Drive, Newport, AR 72112. Plaintiff's ADC # is 144658.

**B.     Defendants**

9.     Defendant, BILLY COWELL, is the Medical Administrator at the Grimes Unit Infirmary, Newport, AR 72112. He is an employee of Correct Care Solutions ("CCS"), a Tennessee Corporation and is ultimately responsible for the medical care of inmates and the medical staff working under him. He is sued is his Official and Personal Capacity.

10.     Defendant, BRENDA BRIDGEMAN, is the Director of Nursing at the Grimes Unit Infirmary, Newport, AR 72112. She is an employee of Correct Care Solutions ("CCS"), and is ultimately responsible for nursing staff. She is sued in her Personal Capacity.

11. Defendant, SHEILA ARMSTRONG, is the Medical Grievance Officer at the Grimes Unit Infirmary, Newport, AR 72112. She is an employee of Correct Care Solutions ("CCS"), and is ultimately responsible for medical grievances filed about medical issues. She is sued in her Personal Capacity.

12. Defendant, LENA RAMSEY, is the Movement/Control Officer at the Grimes Unit Infirmary, Newport, AR 72112. She is an employee of Correct Care Solutions ("CCS") and is ultimately responsible for medical orders and supplies including but not limited to inmate prosthesis equipment. She is sued in her Personal Capacity.

13. Defendant, DR. LELAND FELIX, is an Orthotic and Prosthetic Doctor, contracted by Correct Care Solutions, Newport, AR 72112. He is employed at Arkansas Orthotics and Prosthetics. He is ultimately responsible for fixing and repairing / replacements of prosthesis for inmates at the Grimes Unit. He is sued in his Personal Capacity.

14. Defendant, CORRECT CARE SOLUTIONS ("CCS"), LLC, is a Tennessee Corporation. CCS is the medical provider for the Arkansas Department of Correction ("ADC") since early 2014 under a $672 million contract. Its mailing address is the same as the ADC. It has contractually undertaken to provide competent and adequate medical care to Arkansas's prison inmates. On information and belief, it employ's and directs the doctors and nurses at the prisons, procures the medications necessary for the inmates, dispenses the medication, orders equipment for prosthesis upon orders by the doctors and is aware of what is going on with Plaintiff if it is remotely doing its job. As to Plaintiff, CCS has completely failed its constitutional and contractual duties to Plaintiff and the ADC. CCS is considered a "public entity" within the meaning of the ADA, 42 U.S.C. §12131(1), 28 C.F.R. §35.104, and is therefore subject to Title II of ADA, 42 U.S.C. §12131. It is sued in it's Official Capacity and for

Injunctive Relief in its Official and Personal Capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("' [A] state official in his or her Official capacity, when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'"). For the later damages claim, they would be sued in their personal capacity only.

## VI. VIOLATIONS
### Causes of Actions
### CLAIM I

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-14, above.

16. Defendants COWELL, BRIDGEMAN, ARMSTRONG, RAMSEY, FELIX, AND CORRECT CARE SOLUTIONS discriminates against "qualified individuals with a disability" within the meaning of the ADA by administering programs and services in a manner that denies those individuals the opportunity to receive services in the most integrated setting appropriate to their needs.

17. The acts and Omissions alleged in Plaintiff's complaint/Introduction to the Case, constitute discrimination in violation of title II of the Americans with Disabilities Act and implementing regulations. 42 U.S.C. §12132, 28 C.F.R. §35.130(d).

18. Unless restrained by the Court, Defendants will continue to engage in the acts and omissions set forth in Plaintiff's Complaint / Introduction to the Case, that deprive Plaintiff of rights, privileges, or immunities secured or protected by federal law, and will cause irreparable harm to the Plaintiff if not restrained.

## CLAIM II

### VIOLATIONS OF THE DUE PROCESS PROTECTIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

19. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-18, above.

20. The acts and omissions alleged constitute a pattern or practice that violates the federal rights of the Plaintiff, as protected by the Fourteenth Amendment to the Constitution of the United States and by the federal law.

21. Unless restrained by the Court, Defendants will continue to engage in the acts and omissions set forth in Plaintiff's Complaint / Introduction to the Case, that deprive Plaintiff of rights, privileges, or immunities secured or protected by the Constitution of the United States and federal law, and will cause irreparable harm to the Plaintiff if not restrained.

## CLAIM III

### VIOLATIONS OF THE EIGHTH AMENDMENT
### DELIBERATE INDIFFERENCE

22. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-21, above

23. In prison medical cases, Plaintiff must show "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1986) This is an Eighth Amendment violation.

24. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's need or by prison guards in intentional denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious

harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer v. Brennan*, 522 U.S. 825, 836 (1994). This is well established law for nearly forty (40) years. There can be no qualified immunity for clearly established law.

25. This was the case with Plaintiff. His doctor prescribed treatment and therapy along with his prosthetic leg, and the Defendants are interfering with this doctors order by delaying in fixing or replacing his prosthetic leg.

26. The Defendants are thus not only deliberately indifferent or reckless, they have crossed into willfulness and malice toward Plaintiff like they are doing as little as possible to give the illusion of proper medical care or Plaintiff's refusal of medical care to their supervisors knowing full well they are doing or denying proper medical care. By the Defendants spending more than three (3) months during his first attempt to get his prosthetic leg fixed, to make an effort to get Plaintiff a new or repaired prosthetic leg, which also constitutes "deliberate indifference" in their actions or inactions.

27. Their supervisors are on notice, as is the corporate Defendant, for weeks and they have failed to act to protect Plaintiff's rights to medical care.

28. All the Defendants have a duty of care to provide at least basic medical care to Plaintiff, and they know his complaints, and they are malicious in their actions and inactions.

29. Moreover, the Infirmary Manager is the ultimate supervisor and decision maker over the doctors and nurses involved, and he has filed in his duties to ensure that Plaintiff's needs are met.

30. In addition to all the facts of their deliberate indifference pled in all the previous paragraphs, their conduct also "shocks the conscience" and violates due process of law under the Fourteenth Amendment. *Rochin v. California*, 342 U.S. 165, 172 (1952). In some circuits,

"shocks the conscience" is another way of saying "deliberate indifference." Deliberate indifference is an Eighth Amendment claim, "shocks the conscience" is a Fourteenth Amendment due process claim.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will:

a. Enjoin Defendants, its officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with it from continuing the acts and omissions set forth in Plaintiffs Complaint;

b. Declare that the acts, omissions, and practices set forth in Plaintiff's complaint violate the constitution and laws of the United States, the Americans with Disabilities Act, and the Rehabilitation Act;

c. Grant Plaintiffs Preliminary Injunction;

d. Grant Compensatory and Punitive damages from each Defendant;

e. Grant reasonable attorney fees and costs of litigation. 24 U.S.C. §1988; and

f. Whether he is a "prevailing party" should be bifurcated as to the injunction and damages.

Respectfully submitted this 14 day of May, 2018

Ronald Tucker
Ronald Tucker, #144658
Grimes Unit / ADC
300 Corrections Drive
Newport, AR  72112

IGTT430
3GD

Attachment VI

INMATE NAME: Tucker, Ronald G.     ADC #: 144658     GRIEVANCE#:GR-17-00397

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On April 17, 2017, you grieved that you need your prosthetic leg fixed. You state you were called to medical to pick up your prosthetic leg. You state you noticed that a part was missing. You state the medical department has had it in their possession since you returned from Gate Pass from Hot Springs. You state you tried to walk on it, but it was too painful. You state more work needs to be done to make it fit properly. You state you were issued a wheelchair the day you left your prosthetic and you have been in that chair since. You state you are asking for help to get your prosthetic fitted so that you can walk.

The medical department responded, "Your Medical Records reflect you were seen by Dr. Reichard on 9/19/17 for your newly created left prostheses which is issued to you on 9/15/17 was not fitting properly. He noted he called Mr. Felix with, Arkansas Orthotics and Prosthetics, He noted he spoke to Mr. Felix by phone and it was recommended inmate to return for re-eval /re-fitting. Statement from staff show you turned in your Prosthesis to Medical in September 2016 and it was sent to Arkansas Orthotics and Prosthetics as was given to medical. Arkansas Orthotics and Prosthetics sent the prosthesis back to Grimes unit and noted they were unable to modify or make changes tot he prosthesis. Your prostheses was return to you as Grimes unit medical received it. In Conclusion, your prostheses was received in medical in September 2016 and was then sent to Arkansas Orthotics and Prosthetics as received into medical. Then you were given the prosthesis back as returned to medical. Therefore, your grievance is without merit."

Your appeal states the prosthetic that Dr. Felix made for you was a different model due to the fact that the one that he normally makes "clicks in and clicks out". You state you told him that you had fell and broke your knee with that type of model. You state he stated that he had not made a leg like that in years. You state the problem that you have now is the infirmary here lost a piece of the prosthetic before they sent it back to Dr. Felix for refitting and reevaluation. You state Nurse Bridgeman had you leave your prosthetic in the infirmary. You state you were not sent back to Dr. Felix for "refit" as ordered by Dr. Felix. You state the cup that he made is not the right one to fit your stump.

A review of your electronic medical record indicates that your prosthetic leg was sent to Arkansas O & P for repair. Mr. Felix contacted your medical department requesting a plastic piece for your prosthetic leg. The medical department asked you to return the plastic piece; however, you stated you did not have this piece. The medical department had security check your property for this piece, but the piece was not found. On April 11, 2017, Mr. Felix wrote a letter to the medical department stating that your unit medical department had been contacted regarding a solid insert and that you had advised that you lost the insert. Mr. Felix stated he was returning the prosthesis that was sent to them in October.

I encourage you to utilize the sick call process to have your medical concerns addressed.

The medical department did not implement a plan to resolve this issue; therefore, this appeal is with merit.





800-4

STATE OF ARKANSAS )
                  ) §
COUNTY OF JACKSON )

### AFFIDAVIT

I, RONALD TUCKER #144658, after first being duly sworn, do hereby swear, depose and state that: I HAVE TRIED TO RESOLVE THIS ON ALL DIFFERENT LEVELS. THEY HAVE HAD MY PROSTHESIS FOR 9 MONTHS, I HAVE BEEN CONFINED TO A WHEELCHAIR. MY BODY IS DETERIATING DUE TO NOT BEING ABLE TO EXERCISE, I AM UNABLE TO HAVE REGULAR BOWEL MOVEMENTS AND MEDICAL PERSONNEL, BILL COWELL AT GRIMES UNIT ARE FAILING TO PROVIDE PROPER MEDICAL ATTENTION. I AM SEEKING HELP FROM YOU, MISS GARDNER (CCS DIRECTOR) THANK YOU

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

7-19-1M
DATE

Ronald Tucker
AFFIANT

SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 19 day of July, 2017.

John Sparks
NOTARY PUBLIC

My Commission Expires: 5-6-2026

JOHN SPARKS JR.
NOTARY PUBLIC-STATE OF ARKANSAS
WHITE COUNTY
My Commission Expires 5-6-2026
Commission # 12697992

MSF-605

**Arkansas**                             **Receipt for Medical Product**
**Department of Correction** (Rev 7 98)

Inmate: __TUCKER, R_____ ID#: __144658__ Unit: __GRIMES__

Medical Product(s): __WHEELCHAIR   SEAL # 0310246_____

Date Received: __1/22/18__

Date Eligible for Replacement: ___/___/___

I verify that I have received the medical product(s) listed above. I understand that I am responsible for the care of this item(s) and that in the absence of an acute or chronic determining condition, this item will not be replaced earlier than the authorized replacement date. I also understand that if the device has been damaged through my inappropriate use that I will be subject to discipline for damage to state property and will have to pay for repair and/or replacement.

__[signature]__ 1/22/18     __T. Freeman MA__ 1/22/18
Inmate Signature    Date      Health Care Staff Signature    Date

I verify that I have been notified that the above listed medical product(s) was given to me to be used to treat my condition on a temporary basis. I will return to the Medical Department on _____ for a re-evaluation and determination of whether my condition still requires this product.

_____  _____  _____  _____
Inmate Signature    Date      Health Care Staff Signature    Date

I verify that I have been notified that the above listed medical product(s) may require maintenance in order for it to function properly. I will return to the Medical Department on _____ for the healthcare staff to examine the product for maintenance needs.

_____  _____  _____  _____
Inmate Signature    Date      Health Care Staff Signature    Date

Name: _____
DOB: _____
DCP#: _____
(File in Correspondence Section)